ROHAN O. GREEN *v.* YANKEE GAS CORPORATION
(AC 31129)

Flynn, C. J., and Beach and Robinson, Js.*

Argued March 23—officially released May 4, 2010

*Rohan O. Green*, pro se, the appellant (plaintiff).

*Sheila A. Huddleston*, with whom was *Mark K. Ostrowski*, for the appellee (defendant).

*Opinion*

FLYNN, C. J. The general verdict rule provides that if a jury returns a general verdict for one party, absent

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

jury interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. *Curry* v. *Burns*, 225 Conn. 782, 786, 626 A.2d 719 (1993). The logic underlying the rule is that "[w]here there was an error free path available to the jury to reach its verdict, and no special interrogatories were submitted showing which road the jury went down, any judgment rendered on such a verdict must be affirmed." *Jackson* v. *H.N.S. Management Co.*, 109 Conn. App. 371, 373, 951 A.2d 701 (2008). Our Supreme Court has extended the logic of the general verdict rule to nonjury court trials where the trial judge's actual factual findings provide independent and alternative grounds, distinct from those on which a party appeals, on which the judgment can be supported and affirmed. See *In re Jorden R.*, 293 Conn. 539, 979 A.2d 469 (2009). In *In re Jorden R.*, our Supreme Court decided that where alternative grounds found by the reviewing court and unchallenged on appeal would support the trial court's judgment, independent of some challenged ground, the challenged ground that forms the basis of the appeal is moot because the court on appeal could grant no practical relief to the complainant. Id., 556–57.

In this case, the plaintiff, Rohan O. Green, fell into a hole excavated by the defendant, Yankee Gas Corporation.[1] A police officer had shouted out a warning to the plaintiff to avoid the hole; the plaintiff did not heed the warning. On appeal, the plaintiff claims that the court erred in not permitting him to introduce certain regulations of the federal Occupational Safety and Health Administration into evidence concerning the requirements of fencing off such a hole. The plaintiff had offered this evidence to prove the defendant's negligence, but, when the court refused to admit it, the

[1] Although the proper name of the defendant is Yankee Gas Services Company, because the plaintiff's complaint identified the defendant as Yankee Gas Corporation and the parties proceeded that way at trial, we will do likewise for convenience.

plaintiff did not take steps to mark it for identification, thereby failing to preserve it for appellate review.

After a court trial, the court independently found that the plaintiff's negligence was responsible for causing his fall, thus barring recovery under our comparative negligence law. It also found that the plaintiff had not proved the nexus between his claims of negligence and the fall sufficient to establish proximate cause, and that he had not proved any resulting damages. These independent findings concerning necessary elements of the plaintiff's cause of action, which the plaintiff has not challenged, must stand. *In re Jorden R.* counsels that it is not the province of an appellate court to decide moot issues disconnected from the granting of actual relief.

The appeal is dismissed.

In this opinion the other judges concurred.