LEONARD PAOLETTA *v.* ANCHOR REEF CLUB AT
BRANFORD, LLC, ET AL.
(AC 30456)

Harper, Alvord and Borden, Js.

Argued January 14—officially released August 24, 2010

*Daniel Shepro*, for the appellants (third party defendant Nicholas Owen et al.).

*Jessica A. Slippen*, with whom, on the brief, was *Edward P. McCreery III*, for the appellees (defendants, third party plaintiffs Anchor Reef Club at Branford, LLC, et al.).

*Opinion*

HARPER, J. The defendants Nicholas Owen and Iron Works Development of Branford, LLC (Iron Works), appeal from the judgment of the trial court rendered in favor of the plaintiffs Anchor Reef Holdings, LLC (Anchor Reef Holdings), and Anchor Reef Club at Branford, LLC (Anchor Reef Club).[1] In their statement of issues, the defendants claim, inter alia, that (1) the court's interpretation of a stipulated settlement agreement entered into by the parties was incorrect, (2) the court improperly failed to find that the defendants complied with the stipulated settlement agreement, (3) the court improperly determined that the defendants were not owed payments pursuant to the stipulated settlement agreement, and (4) the court improperly determined that the defendants were responsible for paying legal fees and costs incurred by the plaintiffs in defending other actions. The plaintiffs, however, argue that this court should decline to review any of the defendants' claims on the ground that they are briefed inadequately. We agree with the plaintiffs. The defendants' brief is wholly inadequate, and we decline to review

---

[1] Because this appeal only involves the cross claims, for simplicity our use of the term "plaintiffs" in this opinion refers to the plaintiffs on the cross claim, Anchor Reef Club and Anchor Reef Holdings. Our use of the term "defendants" refers to the defendants on the cross claim, Owen and Iron Works.

Paoletta *v.* Anchor Reef Club at Branford, LLC

any of their claims. Accordingly, we affirm the judgment of the trial court.

The case before us has followed a long and tangled procedural path to this court. Because we are disposing of the defendants' appeal on reviewability grounds, we will provide only a very brief factual background and procedural history. Prior to the present litigation, Anchor Reef Holdings and Iron Works, of which Nicholas Owen was the sole member, jointly engaged in a venture, as members of Anchor Reef Club to develop certain real property into a condominium and office complex (Anchor Reef project). Disputes related to the project arose. Those disputes resulted in litigation that was resolved pursuant to a stipulated settlement agreement entered into on November 15, 2004, between Iron Works, Owen, Anchor Reef Holdings, Anchor Reef Club and its trustee, Ronald Peikes.

On February 9, 2006, a creditor of Iron Works, Leonard Paoletta, initiated an action against, inter alia, Anchor Reef Holdings, Iron Works and Anchor Reef Club.[2] On June 13, 2006, Anchor Reef Holdings and Anchor Reef Club filed an amended answer, special defenses, a three count counterclaim, cross claims and third party complaint for declaratory relief. Anchor Reef Club and Anchor Reef Holdings made cross claims against Owen and Iron Works as part of their June 13, 2006 court filing, thereby becoming plaintiffs in relation to defendants Owen and Iron Works. The plaintiffs alleged, inter alia, that the defendants had violated the stipulated settlement agreement and also that the defendants were required to indemnify them against certain claims of third parties.[3] Following a court trial, the court

---

[2] Paoletta, the named plaintiff, is not a party to this appeal. Paoletta also named Ronald Peikes as a defendant. The complaint against Peikes, however, was subsequently withdrawn.

[3] Anchor Reef Club and Anchor Reef Holdings filed a motion for summary judgment on February 28, 2007, as to Paoletta's complaint against them. The court granted their motion for summary judgment on January 11, 2008.

rendered judgment in favor of the plaintiffs. The defendants appealed from the judgment of the court.

The plaintiffs claim that the defendants' brief is wholly inadequate. We agree. For this reason, we decline to review the defendants' claims.

"[W]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Russell* v. *Russell*, 91 Conn. App. 619, 634–35, 882 A.2d 98, cert. denied, 276 Conn. 924, 295, 888 A.2d 92 (2005).

We begin by noting that the defendants have exhibited blatant disregard for our rules of appellate procedure governing the format and substance of appellate briefs. Practice Book § 67-4 (a) provides that an appellant's brief shall contain "[a] concise statement setting forth, in separately numbered paragraphs, without detail or discussion, the principal issue or issues involved in the appeal, *with appropriate references to the page or pages of the brief where the issue is discussed* . . . ." (Emphasis added.) Although the defendants, who are the appellants in the present appeal, have provided a statement of issues, they have failed

to provide any references to pages of the brief on which the issues are discussed. Further complicating the defendants' deficiency in this regard, their argument is divided into sections that do not correspond, in any manner, to the issues listed in their statement of issues. Despite our careful review of the brief, we are unable to discern any coherent analysis related to any of the claims listed in the statement of issues.

Practice Book § 67-4 (d) provides that "argument on each point shall include *a separate, brief statement of the standard of review the appellant believes should be applied.*" (Emphasis added.) The defendants, however, have failed to provide the required standards of review. The defendants set forth a separate section of their brief entitled "Standard of Review" in which they claim that contract interpretation is a matter of law and thereby subject to plenary review and, without citing to any case law for support, that "[i]ntent is a question of law which this court can determine de novo." This section is followed by another section entitled "Argument" in which the defendants essentially repeat several findings of the trial court without providing any legal analysis. The next section, entitled "Discussion of Issues," has six separate subsections, none of which are accompanied by a suggested standard of review.

The defendants' procedural lapses might be forgivable if we were able to determine their substantive claims and the underlying legal analysis. The defendants, however, only cite to two cases in their argument and discussion of issues sections of their brief. The few legal principles that the defendants cite are not accompanied by sufficient analysis with regard to the applicability of the cited authority. See *Taylor* v. *Mucci,* 288 Conn. 379, 383 n.4, 952 A.2d 776 (2008) (declining to review claims when party cited only one case and provided insufficient analysis). As the plaintiffs note, the defendants' brief is replete with bare assertions and

statements of legal principles that are unaccompanied by any citation whatsoever. "[T]his court is not an advocate for any party . . . ." *State* v. *Tocco*, 120 Conn. App. 768, 786–87, 993 A.2d 989, cert. denied, 297 Conn. 917, 996 A.2d 279 (2010). To the extent that we are even able to discern what claims the defendants raise, we conclude that they are insufficiently briefed in toto.

The judgment is affirmed.

In this opinion the other judges concurred.