STANROD T. CARMICHAEL ET AL. *v.* JOHN J. STONKUS ET AL.
(AC 32549)

Gruendel, Beach and West, Js.

---

Argued November 28, 2011—officially released January 31, 2012

*Eddi Z. Zyko*, for the appellant (named defendant).

*Benjamin M. Wattenmaker*, with whom, on the brief, was *John M. Wolfson*, for the appellee (defendant Margaret Carmichael Brushie).

GRUENDEL, J. The named defendant, John J. Stonkus,[1] appeals from the order of the trial court severing the cross complaint filed by the defendant Margaret Carmichael Brushie from the complaint of the plaintiffs Stanrod T. Carmichael and Marietta A. Carmichael. He argues that the court abused its discretion in severing the cross complaint and that the court impeded his appeal rights. Carmichael Brushie argues, however, that this court should decline to review any of the defendant's claims on the grounds that the defendant failed to provide an adequate record for review and inadequately briefed his claims. We agree with Carmichael Brushie and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. In 1996, Carmichael Brushie executed a promissory note for the sum of $53,000 to the plaintiffs, her father and stepmother. To secure said note, she mortgaged to the plaintiffs a parcel of land in Southington. On October 5, 2004, the plaintiffs filed a foreclosure action against Carmichael Brushie and the defendant. The complaint alleged that the note was in default and that the defendant held title to the premises and was in possession thereof. On September 19, 2005, Carmichael Brushie filed a cross complaint against the defendant, sounding in fraud, conversion, statutory theft,[2] fraudulent concealment, unjust enrichment and intentional infliction of emotional distress and

[1] Margaret Carmichael Brushie was a defendant in the original foreclosure action and filed a cross complaint against Stonkus. We note that Margaret Carmichael Brushie is referred to as such in the foreclosure complaint and memorandum of decision, as Margaret Brushie Carmichael in her cross complaint, and as Margaret Carmichael in her appellate brief. For convenience we refer to her in this opinion as Margaret Carmichael Brushie (Carmichael Brushie).

Several encumbrancers prior in right to the plaintiffs were also named as defendants, but they are not parties to this appeal. We therefore refer in this opinion to Stonkus as the defendant.

[2] See General Statutes § 52-564.

seeking to quiet title. On January 4, 2006, Carmichael Brushie filed a motion to consolidate the case with a pending action against Louis S. Avitabile, the defendant's attorney, which the court granted.

On April 1, 2010, the plaintiffs filed a motion to strike the foreclosure case from the jury docket and to sever the trial of the foreclosure case from the claims between Carmichael Brushie, the defendant and Avitabile. On April 14, 2010, the court held a hearing and thereafter issued several orders. These orders were memorialized in a written order on April 15, 2010. The court severed the cross complaint from the complaint and ordered the foreclosure trial to commence on May 11, 2010. The court additionally ordered that a trial of the cross complaint, together with the consolidated action, would commence April 28, 2010.

On April 27, 2010, the defendant filed an appeal from the court's order severing the cross complaint from the complaint.[3] On April 28, 2010, at the start of the trial of the cross complaint, the defendant argued that the trial should not commence because of his appeal and that an automatic stay was in place pursuant to Practice Book § 61-11. The court disagreed, determining that the order severing the cross complaint was not an appealable final judgment, and the trial proceeded accordingly.[4] The jury found for Carmichael Brushie on three counts: fraud, conversion and statutory theft, and the court found for her on the count seeking to quiet title. This appeal followed.

The defendant argues that the court abused its discretion in severing the cross complaint from the foreclosure complaint. Specifically, the defendant argues that

[3] On June 23, 2010, this court granted the plaintiffs' motion to dismiss the appeal for lack of a final judgment.

[4] The equitable claims seeking to quiet title and for unjust enrichment were tried to the court immediately following a jury trial on the legal claims.

trying the equitable claims of the foreclosure complaint with the legal claims in the cross complaint would have served the interests of judicial economy and the parties' interest in an expeditious determination of the foreclosure action. The defendant also claims that the court improperly impeded his appeal rights.

As a preliminary matter, we note that the record is inadequate to afford review of the defendant's claim that the court improperly severed the cross complaint from the foreclosure case. "[I]n any case in which several causes of action are joined in the same complaint, or as a matter of counterclaim or set-off in the answer, if it appears to the court that they cannot all be conveniently heard together, the court may order a separate trial of any such cause of action . . . ." General Statutes § 52-97. In reviewing a court's decision to sever a claim, we consider whether the court abused its discretion in making its decision. "[I]t has long been held that the decision to . . . sever the trial of different actions is within the sound discretion of the court, and that decision will not be reversed in the absence of a clear abuse of discretion." *Alpha Crane Service, Inc.* v. *Capitol Crane Co.*, 6 Conn. App. 60, 68, 504 A.2d 1376, cert. denied, 199 Conn. 808, 508 A.2d 769 (1986).

The defendant, as the appellant, bears the burden to provide this court with an adequate record and has failed to do so. See Practice Book § 61-10. In the present case, the defendant has failed to provide any record of the court's reasoning in severing the cross complaint from the foreclosure case. The defendant did not provide a transcript of the April 14, 2010 hearing. For this reason, we are precluded from reaching the issue of whether the court properly exercised its discretion in severing the cross complaint. The record is inadequate for our review of this claim. See *Sinnott* v. *Sinnott*, 44 Conn. App. 153, 154, 687 A.2d 556 (1997).

Furthermore, we decline to review either issue raised in this case because both were briefed inadequately. "[W]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Russell* v. *Russell*, 91 Conn. App. 619, 634–35, 882 A.2d 98, cert. denied, 276 Conn. 924, 925, 888 A.2d 92 (2005).

Practice Book § 67-4 sets forth the required content and organization of the appellants' brief, and a failure to comply with these requirements is a basis to deny review. See *Label Systems Corp.* v. *Aghamohammadi*, 270 Conn. 291, 300 n.9, 852 A.2d 703 (2004) (noncompliance with Practice Book § 67-4 deemed basis on which to deny appellate review of claim). Practice Book § 67-4 (a) provides that an appellant's brief shall contain "[a] concise statement setting forth, in separately numbered paragraphs, without detail or discussion, the principal issue or issues involved in the appeal, with appropriate references to the page or pages of the brief where the issue is discussed . . . ." Not only has the defendant failed to provide any references to pages of the brief on which the issues are discussed, but his second issue is stated in a general fashion and does not correspond to the argument presented in that section of the brief. The defendant's second claim of error is stated as follows: "The court erred in materially impeding appellant's appeal rights." That section of his brief seems to

argue both that he appealed from a final judgment and that the court was required to hold a hearing before terminating the automatic stay that was allegedly in place pending the resolution of the appeal that he filed the day prior. We agree with Carmichael Brushie that this statement does not comply with Practice Book § 67-4 (a). See *Verderame* v. *Trinity Estates Development Corp.*, 92 Conn. App. 230, 231 n.3, 883 A.2d 1255 (2005) (concluding as inadequate statement: "Did the court err in its findings of facts and conclusions of law?" [internal quotation marks omitted]).

Practice Book § 67-4 (c) requires that an appellant's brief contain a "statement of the nature of the proceedings and of the facts of the case bearing on the issues raised. The statement of facts shall be in narrative form, [and] shall be supported by appropriate references to the page or pages of the transcript or to the document upon which the party relies . . . ." The section of the defendant's brief entitled "Brief History" reprints the affidavit of an attorney who represented the plaintiffs and Carmichael Brushie. It then, in paragraph form, recites some procedural history, largely without reference to the record. This includes an extensive excerpt from the defendant's amended disclosure of defenses, which is not, as far as we can determine, at issue in this appeal. In the beginning of the argument section of the brief, the defendant has an additional section entitled "Further Facts Pertinent Thereto," in which he reprints six pages of the trial transcript, consisting of the opening statement of counsel for the defendant. The defendant has failed to comply with Practice Book § 67-4 (c).

Practice Book § 67-4 (d) requires that the appellant's argument section "shall include a separate, brief statement of the standard of review the appellant believes should be applied." The defendant failed to provide a standard of review for his second argument and,

instead, asserts in the argument section of the first claim that the standard of review is plenary as to all issues briefed. See *Paoletta* v. *Anchor Reef Club at Branford, LLC*, 123 Conn. App. 402, 407, 1 A.3d 1238 (noting failure to comply with Practice Book § 67-4 [d] when defendant did not provide separate sections on standard of review), cert. denied, 298 Conn. 931, 5 A.3d 491 (2010).

In addition to these deficiencies, the defendant's legal analysis is woefully lacking. The argument for the defendant's first claim of error begins with the assertion that the trial between the plaintiffs and the defendant should be conducted as delimited in *McKeever* v. *Fiore*, 78 Conn. App. 783, 829 A.2d 846 (2003). The defendant then quotes that case "in full pertinent part," for approximately five and one-half single spaced pages. The defendant then asserts that the trial between Carmichael Brushie and the defendant should be conducted according to *Northeast Savings, F.A.* v. *Plymouth Commons Realty Corp.*, 229 Conn. 634, 642 A.2d 1194 (1994), and is followed by a substantial excerpt from that case as well. There is neither application nor analysis of either case.

The defendant's argument as to the second claim of error begins by reprinting the five pages of the trial transcript in which the defendant's counsel asserted that there was a stay in place in light of his appeal filed the day prior. The defendant proceeds to assert both that his April 27, 2010 appeal was from a final judgment and that the court was obligated to hold a hearing before terminating the appellate stay, although neither was presented in his statement of issues. The defendant offers various citations to provisions of the rules of practice and comments, but at no time does he apply the cited authority to the present case.

The lengthy excerpts and citations to the rules of practice "are not accompanied by sufficient analysis

with regard to the applicability of the cited authority." *Paoletta* v. *Anchor Reef Club at Branford, LLC*, supra, 123 Conn. App. 407. A party "may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited." (Internal quotation marks omitted.) *Russell* v. *Russell*, supra, 91 Conn. App. 635. As this court often has observed, "[w]e will not review claims absent law and analysis." *Altfeter* v. *Naugatuck*, 53 Conn. App. 791, 796 n.5, 732 A.2d 207 (1999).

On the basis of this inadequate record and inadequate briefing, we are unable to conclude that the court abused its discretion in severing the cross complaint, or that the court impeded the defendant's appeal rights.

The judgment is affirmed.

In this opinion the other judges concurred.