### JOSEPH E. BROWN *v.* MCCUE MORTGAGE COMPANY ET AL.
### (AC 34022)

DiPentima, C. J., and Beach and Robinson, Js.

Submitted on briefs September 24—officially released December 18, 2012

---

*Joseph E. Brown,* pro se, the appellant (plaintiff), filed a brief.

*Kevin J. Burns* filed a brief for the appellees (defendants).

*Opinion*

PER CURIAM. The self-represented plaintiff, Joseph E. Brown,[1] appeals from the judgment of the trial court dismissing his complaint seeking declaratory relief, injunctive relief and an accounting as to a piece of real property located at 108 South Main Street in Brooklyn (property). The defendants, McCue Mortgage Company (McCue) and Connecticut Housing Finance Authority (authority), hold the first and second mortgages, respectively, on the property. On appeal, the plaintiff raises a number of claims.[2] The plaintiff, however, failed to raise or to brief the issue on which the case was dismissed by the trial court, and therefore we decline to

---

[1] "[I]t is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party." (Internal quotation marks omitted.) *Hill* v. *Williams,* 74 Conn. App. 654, 655–56, 813 A.2d 130, cert. denied, 263 Conn. 918, 822 A.2d 242 (2003).

[2] The plaintiff claims that (1) the court, *Riley, J.,* incorrectly proceeded to hear this case in the Willimantic courthouse, (2) the defendants' attorney, Kevin Burns, violated an Appellate Court stay in proceeding with the case in Willimantic, (3) Judge Riley should have recused himself from the case after deciding a motion to terminate stay in a separate, ongoing case involving both the plaintiff and the authority, (4) the court should have issued a memorandum of decision on the abrogation of the plaintiff's state and federal rights and (5) the Truth in Lending Act, 15 U.S.C. § 1601 et seq., was violated and warranted further investigation and/or a temporary restraining order.

review the issues raised in his appeal.[3] We therefore dismiss the appeal.

Because we dispose of this appeal on reviewability grounds, we provide only a brief factual background and procedural history. In November, 1996, the plaintiff contracted for the sale of the property and entered into a mortgage agreement with McCue. In April, 2007, the plaintiff successfully completed a loan modification with the authority. Although McCue and the authority worked with the plaintiff on a temporary loss mitigation plan and the plaintiff paid $5115 to McCue in August, 2009, neither McCue nor the authority received any funds from the plaintiff thereafter.

The authority, as the second mortgagee, commenced a foreclosure action against the plaintiff on April 30, 2010. Summary judgment as to liability was granted in favor of the authority on August 3, 2010, and after foreclosure mediation was terminated on March 24, 2011, the authority filed a motion for strict foreclosure. The plaintiff did not interpose any defense to the amount owed, and on July 21, 2011, the court rendered a judgment of foreclosure by sale. On August 8, 2011, the plaintiff filed the complaint underlying this action. On August 23, 2011, the defendants filed a motion to dismiss the complaint, arguing that because of the fore-closure action, this action could not proceed under the prior pending action doctrine. Following the plaintiff's timely objection, the court granted the defendants' motion to dismiss on October 24, 2011. The plaintiff

[3] Additionally, as to the plaintiff's second and third claims—that the defendants' attorney, Kevin Burns, violated an appellate stay in proceeding with the present action and that Judge Riley should have recused himself from the present action—we note that these issues are not adequately briefed nor has the plaintif provided an adequate record. We do not review such claims. See Practice Book § 61-10; *Paoletta* v. *Anchor Reef Club at Branford, LLC*, 123 Conn. App. 402, 406, 1 A.3d 1238, cert. denied, 298 Conn. 931, 5 A.3d 491 (2010).

filed a motion asking the court to articulate the basis of the court's dismissal of his action, and the court granted the motion, citing the prior pending action doctrine as its ground for dismissal. This appeal followed.

The plaintiff presents a myriad of claims on appeal. As noted by the defendants, however, the plaintiff did not raise or brief the grounds of the court's dismissal. Because the plaintiff does not challenge the basis of the court's dismissal, we decline to reach the issues he does brief.

"[Appellate] practice requires an appellant to raise claims of error in his original brief, so that the issue as framed by him can be fully responded to by the appellee in its brief, and so that [the court] can have the full benefit of that written argument." (Internal quotation marks omitted.) *Grimm* v. *Grimm*, 276 Conn. 377, 394 n.19, 886 A.2d 391 (2005), cert. denied, 547 U.S. 1148, 126 S. Ct. 2296, 164 L. Ed. 2d 815 (2006). "[F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed." (Internal quotation marks omitted.) *Paoletta* v. *Anchor Reef Club at Branford, LLC*, 123 Conn. App. 402, 406, 1 A.3d 1238, cert. denied, 298 Conn. 931, 5 A.3d 491 (2010).

Here, the plaintiff has failed to challenge the basis of the court's dismissal of his action under the prior pending action doctrine. "[W]here alternative grounds found by the reviewing court and unchallenged on appeal would support the trial court's judgment, independent of some challenged ground, the challenged ground that forms the basis of the appeal is moot because the court on appeal could grant no practical relief to the [appellant]." *Green* v. *Yankee Gas Corp.*,

120 Conn. App. 804, 805, 993 A.2d 982 (2010). "[I]t is not the province of an appellate court to decide moot issues disconnected from the granting of actual relief." Id., 806; see also *Lyon* v. *Jones*, 291 Conn. 384, 394–95, 968 A.2d 416 (2009) (holding that Appellate Court improperly considered merits of claims brought where there was independent basis for upholding summary judgment rendering claims raised by appellant moot).

Because there are unchallenged grounds to support the court's dismissal, this court can grant no practical relief to the plaintiff on the claims he does raise.

The appeal is dismissed.