# IN RE JEREMIAH J. ET AL.*
## (AC 34729)

Lavine, Robinson and Schaller, Js.

Argued January 8—officially released January 25, 2013**

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest and upon order of the Appellate Court.

** January 25, 2013, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

*Jeremiah J., Sr.*, pro se, the appellant (respondent father).

*Edward Wilson, Jr.*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Benjamin Zivyon*, assistant attorney general, for the appellee (petitioner).

*Opinion*

PER CURIAM. The respondent father appeals from the judgments of the trial court, *Elgo, J.*, terminating his parental rights in his children, a son and a daughter, on the grounds of abandonment and failure to achieve such a degree of personal rehabilitation as would encourage the belief that he could assume a responsible position in his children's lives within a reasonable time (failure to rehabilitate) pursuant to General Statutes § 17a-112 (j) (3) (A) and (B) (i) respectively. On appeal, the respondent[1] claims that the trial court improperly found that he had failed to rehabilitate, but he has not challenged the court's findings that he abandoned his children. The respondent's appeal therefore is moot, and we dismiss it.

The children were the subjects of neglect petitions filed by the petitioner, the commissioner of children and families, on August 7, 2009. On November 12, 2009, the court, *Gleeson, J.*, adjudicated the children neglected and ordered them to be placed in protective supervision with their mother. In April, 2010, the petitioner's ex parte motion for an order of temporary custody on the basis of the children's being in imminent physical danger from their surroundings was granted. The order of temporary custody was sustained as to the respondent, who failed to appear for a hearing on June 23, 2010. On December 17, 2010, the petitioner

---

[1] The parental rights of the children's mother also were terminated, but she is not a party to this appeal. We therefore refer in this opinion to the respondent father as the respondent.

filed petitions to terminate the respondent's parental rights as to his children.[2] In a detailed and thoughtful opinion, Judge Elgo found by clear and convincing evidence that the petitioner had proven that the department of children and families had made reasonable efforts to reunify the respondent with his children and, alternatively, he was unable or unwilling to benefit from reunification services. The court also found by clear and convincing evidence that the petitioner had proven the grounds of abandonment[3] and failure to rehabilitate and that it was in the best interest of the children to terminate the respondent's parental rights as to them.

On appeal, the respondent challenges that court's finding that he failed to rehabilitate. We need not determine whether the court properly found that the respondent failed to rehabilitate. "Proof of one ground is sufficient to terminate parental rights." *In re S.D.*, 115 Conn. App. 111, 117, 972 A.2d 258 (2009). "Because the statutory grounds necessary to grant a petition for termination of parental rights are expressed in the disjunctive, the court need find only one ground to grant

[2] With respect to the respondent's son, the petitioner alleged that the respondent's parental rights should be terminated on the grounds of abandonment, failure to rehabilitate and no ongoing parent-child relationship under § 17a-112 (j) (3), (A), (B) (i) and (D). With respect to the respondent's daughter, the petitioner alleged that the respondent's parental rights should be terminated on the same grounds and also on the ground of parental acts of omission or commission that denied the child necessary care, guidance and control pursuant to § 17a-112 (j) (3) (C).

[3] "A parent abandons a child if the parent has failed to maintain a reasonable degree of interest, concern or responsibility as to the welfare of the child . . . . Abandonment focuses on the parent's conduct. . . . Abandonment occurs where a parent fails to visit a child, does not display love or affection for the child, does not personally interact with the child, and demonstrates no concern for the child's welfare. . . . Section 17a-112 [(j) (3) (A)] does not contemplate a sporadic showing of the indicia of interest, concern or responsibility for the welfare of a child. A parent must maintain a reasonable degree of interest in the welfare of his or her child. Maintain implies a continuing, reasonable degree of concern." (Citations omitted; internal quotation marks omitted.) *In re Ilyssa G.*, 105 Conn. App. 41, 46–47, 936 A.2d 674 (2007), cert. denied, 285 Conn. 918, 943 A.2d 475 (2008).

the petition. Thus, we may affirm the court's decision if we find that it properly concluded that any one of the statutory circumstances existed." *In re Brea B.*, 75 Conn. App. 466, 473, 816 A.2d 707 (2003). The respondent has not challenged the court's finding that he abandoned his children or that it was in the best interest of the children to terminate his parental rights.[4] The petitioner argues that the respondent has abandoned this claim.[5] We agree.

"[Appellate] practice requires an appellant to raise claims of error in his original brief, so that the issue as framed by him can be fully responded to by the appellee in its brief, and so that [the court] can have the full benefit of that written argument." (Internal quotation marks omitted.) *Grimm* v. *Grimm*, 276 Conn. 377, 394 n.19, 886 A.2d 391 (2005), cert. denied, 547 U.S. 1148,

---

[4] Judge Elgo made the following relevant findings of fact, which the respondent has not challenged. "For a significant period of time both before and after the adjudicatory date, [the respondent] has lived outside of Connecticut in South Carolina, and eventually Georgia, making the clear choice to undermine his own ability to reunify with his children. . . ."

"The court acknowledges that [the respondent] has vigorously contested the allegations of sexual abuse as to [his daughter] and that he was under court order to have no contact with [his daughter] for three years, until that order was modified in July, 2010, to allow for visitation upon her request and approval by her therapist. There were, however, no court orders preventing him from having contact with [his son] . . . . Nothing prevented [the respondent] from communicating regularly with [members of the department of children and families] regarding his children's well-being. However, in the two years during which Pauline Hjarne was assigned the case, [the respondent] called only three or four times and also asked for visitation and then failed to follow through. . . . Hjarne testified that she would not hear from the [respondent] for months at a time. As of the adjudicatory date, [the respondent] did not have a stable residence and [had] been transient, living with relatives and friends in Connecticut and in South Carolina. When [the respondent] finally made himself available for supervised visitation with [his son] he was inconsistent in his attendance, often late and was on his cell phone so frequently during visitation that the caseworkers for the visitation program consistently needed to address this issue with him."

[5] The respondent did not file a proper and timely reply brief or otherwise respond to the petitioner's claim of abandonment.

126 S. Ct. 2296, 164 L. Ed. 2d 815 (2006). "[F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed." (Internal quotation marks omitted.) *Paoletta v. Anchor Reef Club at Branford, LLC*, 123 Conn. App. 402, 406, 1 A.3d 1238, cert. denied, 298 Conn. 931, 5 A.3d 491 (2010).

In this case, the respondent has failed entirely to challenge the court's finding of abandonment, which is an independent basis on which to terminate the respondent's parental rights. "[W]here alternative grounds found by the reviewing court and unchallenged on appeal would support the trial court's judgment, independent of some challenged ground, the challenged ground that forms the basis of the appeal is moot because the court on appeal could grant no practical relief to the [appellant]." *Green v. Yankee Gas Corp.*, 120 Conn. App. 804, 805, 993 A.2d 982 (2010); see *In re David L.*, 54 Conn. App. 185, 193, 733 A.2d 897 (1999). "[I]t is not the province of an appellate court to decide moot issues disconnected from the granting of actual relief." *Green v. Yankee Gas Corp.*, supra, 806.

Mootness exists when the court cannot grant relief. See *Shays v. Local Grievance Committee*, 197 Conn. 566, 571, 499 A.2d 1158 (1985). "Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve." (Internal quotation marks omitted.) *Housing Authority v. Davis*, 57 Conn. App. 731, 733, 750 A.2d 1148, cert. denied, 254 Conn. 901, 755 A.2d 218 (2000). A question concerning subject matter jurisdiction may be raised by the court sua sponte at any stage of the proceedings. See *Grimm v. Grimm*, supra, 276 Conn. 393 n.18. In this case, the respondent has failed to challenge the court's finding

that he abandoned his children, one of the statutory grounds for termination of parental rights alleged by the petitioner. There is no practical relief that we can afford the respondent, and his appeal is therefore moot.

The appeal is dismissed.