******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* HAIDAR
MUSTAFA ABUSHAQRA
(AC 36011)

Alvord, Prescott and Harper, Js.

*Argued May 14—officially released July 1, 2014*

(Appeal from Superior Court, judicial district of Hartford, geographical area number twelve, C. Taylor, J.)

*Ryan P. Barry*, with whom was *Michael J. Dyer*, for the plaintiff in error (Capitol Bail Bonds, LLC).

*Timothy J. Sugrue*, assistant state's attorney, with whom, on the brief, were *Kevin T. Kane*, chief state's attorney, *Gail P. Hardy*, state's attorney, and *Anthony J. Spinella*, assistant state's attorney, for the defendant in error.

*Opinion*

PRESCOTT, J. The plaintiff in error, Capitol Bail Bonds, LLC (Capitol), brings this writ of error[1] to challenge the judgment of the trial court denying its motion to extend the stay of a surety bond forfeiture beyond the six month statutory period mandated in General Statutes § 54-65a (a) (3).[2] Capitol claims that the court improperly concluded that it lacked the legal authority to extend the stay beyond the statutory period. In denying Capitol's motion to extend the stay, however, the court also ruled in the alternative that, even if it had the authority to extend the statutory stay, Capitol had failed to present the court with a sufficient factual basis to justify the court's exercising any discretion it may have had to do so. Because Capitol has not challenged in its writ of error an independent, alternative basis for denying Capitol's motion to extend the stay, no practical relief can flow from this court's review of the single claim that Capitol has raised, and, accordingly, we dismiss the writ of error as moot.

The facts and procedural history underlying the present writ are not in dispute. On June 14, 2011, Haidar Mustafa Abushaqra was arrested on two separate warrants and charged in each warrant with committing one count of larceny in the first degree. With respect to each case, he was released on a separate $150,000 surety bond executed by Capitol. On February 1, 2012, Abushaqra failed to appear in court as ordered, and, as a result, the court ordered his bonds forfeited and raised his bail to $1 million in each of his pending criminal cases.[3] In accordance with § 54-65a (a) (3), the court also ordered a six month stay on the execution of the bond forfeiture.

On July 23, 2012, Capitol filed motions to extend for an additional six months the statutory stay of the bond forfeitures, which was set to expire on August 1, 2012. On July 31, 2012, just one day before the expiration of the six month period, the parties appeared for argument on the motions to extend. At the beginning of the hearing, the court indicated that it had met with the parties in chambers regarding Capitol's motions prior to going on the record. When the court asked counsel representing Capitol if there was anything further he wanted to add in reference to Capitol's motions to extend the statutory stay, counsel informed the court that, just a few minutes prior to the start of the hearing, Capitol had filed a motion seeking permission to file under seal a memorandum of law in support of its motions to extend.[4] The court noted that Capitol had waited until the eve of the expiration of the statutory stay to file its motion, and that the court is obligated to give the public notice and an opportunity to be heard on all motions to seal. See Practice Book §§ 11-20A (e) (civil matters) and 42-49A (e) (criminal matters). In response, Capitol's counsel indicated that it was asking the court to "extend

the stay of the bond forfeiture, but not for ninety days, or a hundred and twenty days, or six months like we did last time, but just for the number of days so that we can get this thing up on the calendar and heard.''

Capitol claimed during argument that it believed that the Office of the Chief State's Attorney also had the authority to grant an extension of the stay beyond the statutory period, even if the court did not, and that Capitol's counsel had asked the assistant state's attorney in the present case to call the Office of the Chief State's Attorney to request an additional twenty-one day stay. Capitol claimed that its position was supported by *B & B Bail Bonds Agency of Connecticut, Inc.* v. *Bailey*, 256 Conn. 209, 211, 770 A.2d 960 (2001).[5] The assistant state's attorney explained that he did not know whether the chief state's attorney has the authority to unilaterally extend the stay, but that he would make a call to that office if asked to do so by the court. The court stated: "[I]t's not my place to ask."

The court proceeded to deny the motions to extend the bond forfeiture stays, articulating two grounds for doing so. The court first stated that "number one, from review of the statutes and the review of the case law, I see nothing to give me authority to extend the stay of forfeiture past the six months. I've had an opportunity in the past, not for this matter, but as part—actually someone else's matter, to have a discussion via e-mail with various other Superior Court judges in reference to this particular issue." The court continued: "Now, number two, we've had an opportunity to discuss aspects of this matter outside the court between both counsel and myself, and the bottom line problem is that—the other problem is that counsel is unable to provide any information in reference to . . . what would make this motion necessary."[6] The court never expressly ruled on Capitol's motion to file a memorandum of law under seal in support of its motions. This writ of error followed.

Capitol claims that the court improperly concluded that the court lacked the authority to grant an extension beyond the six month period mandated in § 54-65a (a) (3). Capitol also claims that it was error for the court to deny its motions to extend "despite the [assistant] state's attorney's consent to extend the stay, and the [assistant] state's attorney's willingness to contact the chief state's attorney regarding extending the stay."[7] The defendant in error, Kevin T. Kane, the chief state's attorney, argues that Capitol's claims are moot because Capitol has challenged only the court's ruling that it lacked authority to extend the stay, and not the court's alternate ground for denying the motions, namely, that even if it had authority, Capitol failed to provide any information justifying the court's exercise of that authority. With respect to the merits of Capitol's claim, the defendant in error takes the position that the court

lacks the authority to extend a forfeiture stay beyond six months. We agree with the defendant in error that no practical relief would result from our consideration of the claims raised by the plaintiff in error, and, thus, we dismiss the writ of error as moot.

We first set forth the legal principles that guide our disposition of this matter. "Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [a] court's subject matter jurisdiction . . . . We begin with the four part test for justiciability established in *State* v. *Nardini*, 187 Conn. 109, 445 A.2d 304 (1982). . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) *that the determination of the controversy will result in practical relief to the complainant.* . . . [I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." (Citations omitted; emphasis altered; internal quotation marks omitted.) *In re Jorden R.*, 293 Conn. 539, 555–56, 979 A.2d 469 (2009). "[If] alternative grounds . . . unchallenged on appeal would support the trial court's judgment, independent of some challenged ground, the challenged ground that forms the basis of the appeal is moot because the court on appeal could grant no practical relief to the complainant." *Green* v. *Yankee Gas Corp.*, 120 Conn. App. 804, 805, 993 A.2d 982 (2010).

Our review of the record reveals that the court denied Capitol's motions to extend the statutory bond forfeiture stay on two independent grounds. First, the court determined that it lacked the authority to extend the stay. Second, the court determined that, even if it had the authority, Capitol had not provided the court with any factual basis to support the court's exercising its discretion to use that authority in the present case. Capitol does not challenge the court's determination that there was a lack of a factual basis for granting the requested extensions, nor does it challenge the court's implicit denial of its motion to file a memorandum of law in support of the motion under seal. Thus, even if we were to agree with Capitol that the court had the authority to grant a stay, there would remain an unchallenged, alternate ground for affirming the judgment of the court. Accordingly, because we cannot grant Capitol any practical relief with respect to the claims it raised, we dismiss its writ of error as moot.

The writ of error is dismissed.

In this opinion the other judges concurred.

[1] This writ of error was filed initially with the Supreme Court, which subsequently transferred the writ to this court in accordance with Practice Book § 65-1.

[2] General Statutes § 54-65a (a) provides in relevant part: "Whenever an arrested person is released upon the execution of a bond with surety in an amount of five hundred dollars or more and such bond is ordered forfeited because the principal failed to appear in court as conditioned in such bond, the court shall, at the time of ordering the bond forfeited . . . (3) order a stay of execution upon the forfeiture for six months. . . ."

[3] In addition to forfeiting the bonds in this case, the court also forfeited three additional bonds totaling $350,000 that had been executed by A OK Bail Bonds to secure Abushaqra's release with respect to three additional larceny related arrests. A OK Bail Bonds subsequently filed a motion to be released from its obligation under those bonds. In a separate writ of error before this court, A OK Bail Bonds challenges the court's refusal to allow it to file a memorandum of law under seal in support of its motion for release. See *State* v. *Abushaqra*, AC 36012.

[4] It does not appear that a copy of the memorandum of law was lodged with the court in accordance with Practice Book §§ 7-4B and 7-4C.

[5] In its recitation of the facts underlying the appeal in *B & B Bail Bonds Agency of Connecticut, Inc.* v. *Bailey*, supra, 256 Conn. 211, our Supreme Court noted that a seven day extension beyond the six month statutory period provided for in § 54-65a had been granted in that case by the chief state's attorney. We note, however, that whether the chief state's attorney had the authority to take such action was not an issue before the Supreme Court in *B & B Bail Bonds Agency of Connecticut, Inc.*, nor did that court expressly condone the procedure followed in that case. In any event, the Supreme Court's factual recitation in *B & B Bail Bonds Agency of Connecticut, Inc.*, was not material to the issue that was before the trial court in the present case, namely, whether the Superior Court had the authority to extend the forfeiture stay in the manner requested by Capitol.

[6] The court noted in closing that Capitol was not without remedy because it had one year from the date forfeiture was ordered to pursue a rebate if Abushaqra could be apprehended and presented to the court. See General Statutes § 54-65a (b).

[7] Despite Capitol's assertion in its brief and at oral argument before this court, there is nothing in the record indicating such consent. Instead, when asked if he had anything he wanted to say on the issue of whether an extension could be granted by the chief state's attorney, the assistant state's attorney stated: "Judge, I have no idea if it's possible because I [have] never done this before, and this was all thrown at me this afternoon. If the court's asking me to call the state's attorney's office, I'll do it. I have no problem making a phone [call]. I don't think I have the authority to do anything."