******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOSE A. ESTELA *v.* BRISTOL HOSPITAL, INC.
(AC 36526)

Gruendel, Alvord and Prescott, Js.*

*Argued December 1, 2015—officially released April 26, 2016*

(Appeal from Superior Court, judicial district of New Britain, Swienton, J.)

*Joseph B. Burns*, with whom, on the brief, were *Proloy K. Das*, *Mary Alice Moore Leonhardt* and *Daniel J. Csuka*, for the appellant (plaintiff).

*Michael G. Rigg*, for the appellee (defendant).

*Opinion*

PRESCOTT, J. The plaintiff, Jose A. Estela, appeals from the trial court's denial of his motion to open a judgment of nonsuit. For the reasons that follow, we dismiss the plaintiff's appeal as moot.

The following facts, as found in the record, and procedural history are relevant to this appeal. On November 17, 2011, the plaintiff, who is a doctor of internal medicine, brought the underlying action against the defendant, Bristol Hospital, Inc., where he had medical staff privileges, seeking damages for income lost because of an alleged campaign by the defendant to divert patients under the plaintiff's care to hospitalist physicians employed by the defendant. On May 30, 2012, the defendant served written discovery requests upon the plaintiff. The plaintiff responded to these requests on September 12, 2012. On September 18, 2012, the defendant moved to compel the plaintiff to produce certain evidence that it claimed the plaintiff had improperly withheld. This evidence included tax returns, as well as answers to interrogatories identifying the plaintiff's patients that the defendant allegedly stole and his monetary damages for lost income associated with these patients.

After oral argument on the motion to compel, on February 8, 2013, the plaintiff submitted supplemental interrogatory responses and produced additional documents. In those supplemental interrogatory responses, the plaintiff also promised to provide additional missing materials "as soon as practicable." On September 27, 2013, however, the defendant filed a motion for nonsuit because it claimed that it had not received additional disclosures. On October 25, 2013, the plaintiff filed an opposition to the motion, protesting that he could not provide either the patient information, or the requested report from his expert on damages, because he lacked access to the data required to generate it. Instead, the plaintiff claimed that this data was in the defendant's possession. The court, however, granted the defendant's motion for nonsuit on October 28, 2013, without issuing a memorandum of decision.

After the court granted the motion, on November 1, 2013, the plaintiff filed a motion to reconsider and vacate the order granting the motion for nonsuit. In his motion, he again maintained that his failure to produce the requested discovery materials was the result of the defendant's improper withholding of that data. The defendant filed an opposition to the plaintiff's motion, in which it again stated that the relevant information was in the plaintiff's possession. The court denied the motion to reconsider on November 18, 2013.

On November 27, 2013, the plaintiff filed the motion to open the judgment of nonsuit that is the subject of this appeal. In the motion to open, the plaintiff argued

that the factors set forth in *Higgins* v. *Karp*, 243 Conn. 495, 508, 706 A.2d 1 (1998), supported opening the judgment of nonsuit. In essence, the plaintiff argued that his failure to produce the tax returns for the requested years was an oversight, that his failure to produce the requested expert report on the plaintiff's losses was premised in turn on the defendant's own failure to produce the requisite patient information, and that the "grueling trial schedule" of the plaintiff's attorney was partly responsible for the various delays at issue. The plaintiff also argued that the defendant had not suffered any prejudice and would suffer none if the court opened the judgment of nonsuit.

The defendant filed an objection to the motion to open on December 2, 2013. In the objection, the defendant argued that the plaintiff's motion to open should be denied because the plaintiff had not filed the affidavit required by General Statutes § 52-212 (b) and Practice Book § 17-43, and because the judgment of nonsuit had not been rendered because of mistake, accident, or other reasonable cause, but, rather, because the plaintiff had not complied with his discovery obligations.

After filing his motion to open, the plaintiff filed two successive notices of compliance. The first, filed on December 5, 2013, detailed his alleged compliance with the defendant's request for disclosure of his 2003 and 2004 tax returns; the second, filed on December 11, 2013, stated that he had filed a preliminary expert report detailing his losses on the basis of the information that he claimed was available to him, and that he both could not and would not produce a final version of the report until he received the requested discovery regarding patient information from the defendant. The plaintiff also filed the affidavit required by General Statutes § 52-212 (b) and Practice Book § 17-43 (a) in support of his motion to open on December 12, 2013.

On December 16, 2013, the court denied the plaintiff's motion to open. In a memorandum of decision accompanying the order, the court explained that, even if the plaintiff had timely filed his affidavit, the court would still have denied the motion to open because he "failed to establish the second requirement" for opening a judgment of nonsuit because he failed to show that "he was prevented from prosecuting this matter because of mistake, accident or other reasonable cause." (Internal quotation marks omitted.) Specifically, the court "[found] no merit in the plaintiff's arguments or explanations" as to why he had failed to produce the discovery repeatedly requested of him. The court noted that the defendant's filing of notices of compliance after filing his motion to open clearly evidenced his prior failure to comply with discovery orders, and further that the plaintiff had conceded in his own motion that he had deliberately delayed his own review and analysis of materials in his possession because he anticipated

receiving patient information from the defendant. This appeal followed.[1]

After the plaintiff filed this appeal, the defendant filed a motion to dismiss as untimely any portion of the appeal purporting to challenge the judgment of nonsuit because the appeal was filed after the appeal period in which to challenge the judgment of nonsuit had expired, and the filing of the motion to open following the denial of the motion for reconsideration did not give rise to a new appeal period. See Practice Book § 63-1 (e).[2] This court granted the motion to dismiss on April 10, 2014. As a result, because the plaintiff failed to properly appeal the judgment of nonsuit, he is limited in this appeal to challenging the court's exercise of discretion in denying the motion to open and cannot challenge the propriety of its decision granting the motion for a judgment of nonsuit. See *Tiber Holding Corp.* v. *Greenberg*, 36 Conn. App. 670, 671, 652 A.2d 1063 (1995) ("When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment. . . . This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time to appeal." [Citation omitted; internal quotation marks omitted.]).

On appeal, the plaintiff claims that the court improperly denied the motion to open the judgment of nonsuit because it violated this court's policy of bringing about a trial on the merits of disputes wherever possible and because the denial of the motion to open deprived the plaintiff of his state constitutional right to pursue a remedy for his injury through Connecticut's courts. The defendant presents several responsive arguments, chief among which is its contention that the plaintiff's failure on appeal to address the trial court's finding that the plaintiff failed to satisfy the second requirement of § 52-212 (a)[3]—namely, that the plaintiff "was prevented by mistake, accident or other reasonable cause from prosecuting the action"—renders the appeal moot. Because we agree with the defendant on this point, we dismiss the appeal as moot.

"Mootness raises the issue of a court's subject matter jurisdiction and is therefore appropriately considered even when not raised by one of the parties. . . . Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [a] court's subject matter jurisdiction . . . . We begin with the four part test for justiciability established in *State* v. *Nardini,* 187 Conn. 109, 445 A.2d 304 (1982). . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable.

Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) *that the determination of the controversy will result in practical relief to the complainant. . . . [I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow . . . .* In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." (Emphasis in original; internal quotation marks omitted.) *Bombero* v. *Bombero*, 160 Conn. App. 118, 135, 125 A.3d 229 (2015).

In his appellate brief, the plaintiff does not challenge the court's finding that he failed to show that he was prevented from prosecuting his action because of mistake, accident, or other reasonable cause. Instead, his argument is primarily limited to a claim that a judgment of nonsuit should not have been rendered against him because he met his discovery obligations. A showing that a plaintiff was prevented from prosecuting an action because of mistake, accident, or other reasonable cause, however, is required to demonstrate that a motion to open a judgment of nonsuit should be granted. "[T]here is a two-pronged test for setting aside a judgment rendered after a nonsuit. . . . There must be a showing (1) that a good cause of action, the nature of which must be set forth, existed at the time judgment was rendered, and (2) that the plaintiff was prevented from prosecuting the action because of mistake, accident or other reasonable cause." (Citation omitted.) *Conway* v. *Hartford*, 60 Conn. App. 630, 633, 760 A.2d 974 (2000); see General Statutes § 52-212 (a). "Since the conjunctive 'and' meaning 'in addition to' is employed between the parts of the two prong test, both tests must be met." *Costello* v. *Hartford Institute of Accounting, Inc.*, 193 Conn. 160, 167, 475 A.2d 310 (1984).

The plaintiff's appellate brief does not challenge the court's finding that the plaintiff failed to make the second of these required showings. "[W]here alternative grounds found by the reviewing court and unchallenged on appeal would support the trial court's judgment, independent of some challenged ground, the challenged ground that forms the basis of the appeal is moot because the court on appeal could grant no practical relief to the complainant." *Green* v. *Yankee Gas Corp.*, 120 Conn. App. 804, 805, 993 A.2d 982 (2010); see also *State* v. *Abushaqra*, 151 Conn. App. 319, 325–26, 96 A.3d 559 (2014). This court, therefore, cannot afford the plaintiff any practical relief because, even if he were to succeed on his claims, he would not be entitled to have granted his motion to open the judgment of nonsuit. Accordingly, the appeal is moot, and this court lacks subject matter jurisdiction to consider the plain-

tiff's claims. See *Bombero* v. *Bombero*, supra, 160 Conn. App. 135.

The plaintiff argues that the case is not moot because there exists an actual and justiciable controversy between the parties concerning the trial court's decision to deny the motion to open, the reversal of which would afford the plaintiff practical relief because it would enable his claims to be heard on the merits. The plaintiff also suggests that the case is not moot because the court's finding that the plaintiff did not establish a proper ground for opening the judgment under § 52-212 (a) was a "nullity" insofar as it followed the court's finding that it was "without authority to set aside the nonsuit." The plaintiff argues that this latter statement by the court implicated its subject matter jurisdiction, and that the court's finding that the plaintiff had not established a proper ground to open the judgment, therefore, was merely advisory in nature and did not need to be challenged on appeal.

Neither argument is persuasive. The first argument is not responsive in that it misses the basic point that even if this court were to decide the plaintiff's claims favorably to him, it still would not be able to afford him practical relief. The second argument is mistaken because it conflates the terms "jurisdiction" and "authority." Our Supreme Court, however, has distinguished carefully between the two. See *Kim* v. *Magnotta*, 249 Conn. 94, 102–103, 733 A.2d 809 (1999) ("[t]he better construction of [General Statutes § 52-212a] is to characterize it as a limitation on the trial court's general *authority* to grant relief from a judgment, not as a limitation on its personal *jurisdiction* over the parties" [emphasis added]). The court ruled only that it lacked authority to grant the motion in the absence of a timely filed affidavit, not that it lacked jurisdiction over the motion to open. Contrary to the plaintiff's interpretation of the decision on his motion, therefore, the trial court's subsequent finding that the plaintiff had failed to establish one of the grounds required by § 52-212 (a) was not a nullity, but rather an adequate, independent ground for denying the motion. The plaintiff's failure to challenge on appeal the finding that " 'mistake, accident, or other reasonable cause' " did not prevent him from prosecuting the action, therefore, renders his claim moot.

The appeal is dismissed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] The defendant filed a cross appeal in this case, which was dismissed for lack of aggrievement because the defendant had received the relief it requested, via the judgment of nonsuit. See Practice Book § 61-8.

[2] Practice Book § 63-1 (e) provides: "Any party filing more than one motion that, if granted, would render the judgment, decision or acceptance of the verdict ineffective, shall file such motions simultaneously insofar as simultaneous filing is possible."

There is no reason why the plaintiff's motion to open could not have been

filed at the time that he filed his motion for reconsideration of the judgment of nonsuit. Both of these motions sought as their ultimate relief to have the court vacate the judgment of nonsuit. The purpose of Practice Book § 63-1 (e) is to prevent the filing of serial motions that would have the effect of repeatedly extending the appeal period.

[3] General Statutes § 52-212 (a) provides: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."