******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SHERI SPEER *v.* DEPARTMENT OF
AGRICULTURE ET AL.
(AC 39106)

Sheldon, Elgo and Bright, Js.

*Syllabus*

The plaintiff appealed to the trial court from the final decision of the Commissioner of Agriculture upholding disposal orders regarding the plaintiff's two dogs. The plaintiff did not personally appear at the first scheduled pretrial conference, although her counsel attended and she was available and reached by telephone during the conference. Following the plaintiff's failure to appear, the trial court rendered a judgment of nonsuit. Thereafter, the court denied the plaintiff's motion to open the judgment of nonsuit, and the plaintiff appealed to this court. *Held* that the trial court abused its discretion by denying the plaintiff's motion to open: pursuant to statute (§ 52-212) and the relevant rule of practice (§ 17-43), a plaintiff moving to set aside a judgment of nonsuit must establish that a good cause of action existed at the time judgment was rendered and that the plaintiff was prevented from prosecuting the action by mistake, accident or other reasonable cause, and here, the trial court did not refer to those requirements when it denied the motion to open but, instead, relied solely on the plaintiff's failure to be physically present for the pretrial conference pursuant to the rule of practice pertaining to pretrial conferences (§ 14-13), and although the court, for the first time in an articulation, stated that the plaintiff's motion to open did not comply with § 17-43, the plaintiff's motion to open did satisfy the requirements of that rule of practice and of § 52-212, as it was verified by oath and stated the nature of her claim and the reason for her nonappearance at the pretrial conference; moreover, given that the court's discretion should be exercised mindful of the policy preference of bringing about a trial on the merits of a dispute whenever possible, and that this matter had been pending for approximately seven weeks when the court rendered the judgment of nonsuit as a sanction for the plaintiff's failure to appear for the first scheduled pretrial conference, the trial court abused its discretion in denying the plaintiff's timely motion to open.

Argued March 6—officially released July 10, 2018

*Procedural History*

Appeal from the decision of the named defendant affirming disposal orders for the plaintiff's dogs, brought to the Superior Court in the judicial district of New London and transferred to the judicial district of New Britain, where the court, *Hon. George Levine*, judge trial referee, rendered judgment of nonsuit; thereafter, the court denied the plaintiff's motion to open, and the plaintiff appealed to this court; subsequently, the court, *Hon. George Levine*, judge trial referee, issued an articulation of its decision. *Reversed; further proceedings.*

*Thompson G. Page*, for the appellant (plaintiff).

*Denise Lillo Vecchio*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Matthew I. Levine*, assistant attorney general, for the appellee (named defendant).

*Scott R. Ouellette*, for the appellees (defendant city of Norwich et al.).

*Opinion*

BRIGHT, J. The plaintiff, Sheri Speer, appeals from the judgment of the trial court denying her motion to open the judgment of nonsuit rendered in favor of the defendants, the Department of Agriculture (department), the city of Norwich (city), and Michele Lombardi, an animal control officer employed by the city. On appeal, the plaintiff claims that the court abused its discretion in denying her motion to open. We agree and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history are relevant to this appeal.[1] On October 15, 2013, Lombardi, pursuant to General Statutes § 22-358, issued a disposal order to euthanize the plaintiff's two pit bull dogs after finding that the dogs had bitten three people. Thereafter, on October 17, 2013, the plaintiff appealed Lombardi's order to the department, and, following an administrative hearing, the hearing officer for the department issued a proposed final decision recommending that the Commissioner of Agriculture (commissioner) affirm the disposal order to euthanize the plaintiff's dogs. On August 5, 2015, the commissioner issued the final decision affirming the disposal order pursuant to § 22-358 (c).[2]

On September 21, 2015, the plaintiff appealed to the Superior Court from the final decision of the commissioner pursuant to General Statutes § 4-183. On October 29, 2015, the court issued a notice to the parties ordering that they appear for a pretrial conference on November 16, 2015, at 3:30 p.m. The notice provided in relevant part: "If a party is an individual, the party must attend. . . . Failure to comply with the terms of this order may result in sanctions, including nonsuit or default." Plaintiff's counsel appeared on November 16, 2015, but the plaintiff did not. The plaintiff was available by telephone though, and actually spoke to the court. Nevertheless, on that date, the court rendered a judgment of nonsuit against the plaintiff "for failure to be present at the scheduled pretrial conference, as required in the pretrial order."

On December 9, 2015, after the expiration of the automatic appellate stay, the plaintiff filed her pro se appearance and a verified motion to open and set aside nonsuit, with a verified memorandum of law in support thereof.[3] In her motion to open, the plaintiff claimed that the court should not have rendered a judgment of nonsuit because her failure to appear "was not contumacious; [p]laintiff's counsel was present at the conference on the scheduled date and at the scheduled time; and [the] [p]laintiff was at all times available by telephone. See [Practice Book] § 14-13 (nonsuit is available at a pretrial conference only if the plaintiff 'fails to attend or to be available by telephone'). The grounds for this motion are set forth in greater detail in the

accompanying memorandum of law filed and served herewith." (Emphasis omitted.)

In the plaintiff's memorandum of law in support of her motion to open, she claimed that "the [c]ourt telephoned [the] [p]laintiff and spoke to her during the [pretrial conference]. [The] [p]laintiff explained her absence was due to the fact that she did not recall receiving notice that she personally had to attend. The failure was not due to deliberate disregard of a pretrial order." In addition, the plaintiff set forth the nature of her cause of action. Specifically, she asserted that she has standing to pursue the administrative appeal, and identified her three claims: "(1) that [the] [d]efendants have failed to follow the requirements of . . . § 22-358 for dealing with allegedly dangerous dogs; (2) that [the] [d]efendants have deprived [the] [p]laintiff of procedural and substantive due process; and (3) that [the] [d]efendants have violated the automatic bankruptcy stay."

The court, without holding a hearing, issued an order denying the plaintiff's motion to open on December 11, 2015. The entirety of the court's order is as follows: "Practice Book § 14-13 requires parties to attend a pretrial. The only person who can be 'available by telephone' is an insurance adjuster." Thereafter, on December 31, 2015, the plaintiff filed a motion for reargument and reconsideration of the court's denial, pursuant to Practice Book § 11-12, and the court held a hearing on that motion on March 24, 2016. At the hearing, counsel appeared for the plaintiff, but the plaintiff did not appear. After the hearing, on that same date, the court granted the plaintiff's motion for reargument and reconsideration, but denied the relief requested therein. This appeal followed.

Because the plaintiff filed her motion to open and set aside nonsuit after the automatic appellate stay had expired, the sole issue on appeal is whether the trial court abused its discretion in denying her motion to open the judgment of nonsuit. See *Oliphant* v. *Heath*, 170 Conn. App. 360, 363, 154 A.3d 582, cert. denied, 325 Conn. 921, 163 A.3d 620 (2017).

Following oral argument before this court, we, sua sponte, ordered the trial court "to articulate the factual and legal bases for the court's denial of the plaintiff's December 7, 2015 verified motion to open and set aside nonsuit . . . ."[4] On April 6, 2018, the court issued its articulation. It stated, in relevant part: "As to the plaintiff's motion to open and set aside nonsuit, the motion: (a) does not state reasonable cause for plaintiff's failure to attend the pretrial, (b) does not state that she had a good cause of action, (c) does not state the plaintiff was prevented by mistake, accident or other reasonable cause from appearing, and (d) does not state particularly the nature of her claim. Because the motion does not comply with any of the requirements of [Practice

Book] § 17-43 for opening and setting aside a nonsuit, the motion was denied."[5]

It is well established that we review a court's decision to grant or deny a motion to open a judgment of nonsuit for a clear abuse of discretion. See *Tsitaridis* v. *Tsitaridis*, 100 Conn. App. 115, 118, 916 A.2d 877 (2007). "The court's discretion, however, is not unfettered; it is a legal discretion subject to review. . . . [D]iscretion imports something more than leeway in decision-making. . . . It means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . In addition, the court's discretion should be exercised mindful of the policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." (Citation omitted; internal quotation marks omitted.) *Multilingual Consultant Associates, LLC* v. *Ngoh*, 163 Conn. App. 725, 735, 137 A.3d 97 (2016); see also *Bridgeport* v. *Grace Building, LLC*, 181 Conn. App. 280, 298–99,     A.3d     (2018).

General Statutes § 52-212 and Practice Book § 17-43[6] set forth the requirements for a motion to open a judgment of nonsuit. A plaintiff moving to set aside a judgment of nonsuit must establish that (1) a good cause of action existed at the time judgment was rendered, and (2) the plaintiff was prevented from prosecuting the action by mistake, accident or other reasonable cause. *Estela* v. *Bristol Hospital, Inc.*, 165 Conn. App. 100, 108, 138 A.3d 1042, cert. denied, 323 Conn. 904, 150 A.3d 681 (2016); see also General Statutes § 52-212 (a).

In the present case, the court denied the plaintiff's motion to open, but did not refer to the requirements under § 52-212 or Practice Book § 17-43. Instead, it relied solely on the plaintiff's failure to comply with Practice Book § 14-13, by not being physically present for the pretrial conference. Then, in its articulation, the court stated for the first time that it denied the plaintiff's motion to open because it did not comply with any of the requirements under Practice Book § 17-43. Our review of the plaintiff's motion to open, however, reveals that it did, in fact, satisfy *all* of the requirements under § 52-212 and Practice Book § 17-43.

In her motion to open, which was verified by oath, the plaintiff specifically stated that "[t]he grounds for this motion are set forth in greater detail in the accompanying memorandum of law filed and served herewith." In the accompanying memorandum of law in support of her motion to open, which also was verified by oath, the plaintiff claimed that she did not recall receiving notice of the pretrial conference and that she did not know that she needed to attend the pretrial conference. The plaintiff set forth the nature of her claim, asserting that she had standing to bring the

administrative appeal and identifying her specific claims of error regarding the administrative proceeding. Accordingly, the plaintiff's written motion to open satisfied the statutory requirements because it was verified by oath, stated the nature of her claim and the reason for her nonappearance at the pretrial conference. See General Statutes § 52-212 (b) ("[t]he . . . written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim . . . and shall particularly set forth the reason why the plaintiff or defendant failed to appear"). Consequently, the court, in denying the plaintiff's motion to open, improperly concluded that the motion to open did not satisfy the statutory requirements under § 52-212.

Furthermore, under the circumstances of this case, we cannot conclude that the court properly exercised its discretion. The plaintiff brought this administrative appeal from the commissioner's final decision affirming the disposal order to euthanize the plaintiff's two pit bull dogs. The matter had been pending for approximately seven weeks when the court rendered the judgment of nonsuit as a sanction for the plaintiff's failure to appear for a pretrial conference on November 16, 2015, which was the first time the matter had been calendared. The plaintiff timely filed a motion to open, which satisfied the requirements under § 52-212 and Practice Book § 17-43. Considering that "the court's discretion should be exercised mindful of the policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court"; (internal quotation marks omitted) *Multilingual Consultant Associates, LLC* v. *Ngoh*, supra, 163 Conn. App. 735; we are persuaded that the court abused its discretion in denying the plaintiff's motion to open.[7]

The judgment is reversed and the case is remanded with direction to grant the plaintiff's motion to open the judgment of nonsuit and for further proceedings according to law.

In this opinion the other judges concurred.

[1] We note that the administrative record was not filed in the trial court and is not part of the record on appeal. Accordingly, our brief summary of the facts giving rise to the plaintiff's administrative appeal is based solely on the allegations in the plaintiff's complaint and the certified list of papers filed by the department. See Practice Book § 14-7A (b) ("the agency shall file with the court and transmit to all parties a certified list of the papers in the record").

[2] "Administrative hearings to consider appeals of disposal orders issued pursuant to § 22-358 (c) are conducted in accordance with the Uniform Administrative Procedure Act . . . General Statutes § 4-166 et seq.; and the department rules of practice, specifically, §§ 22-7-20 through 22-7-38 of the Regulations of Connecticut State Agencies. Pursuant to General Statutes § 4-176e, hearings in contested cases in agency proceedings may be conducted before a hearing officer, who, pursuant to General Statutes § 4-179, renders a written, proposed final decision to the commissioner. After affording each party adversely affected by the proposed final decision an opportunity to file exceptions and present briefs and oral argument pursuant to § 4-179 (a), the commissioner is vested with the authority to render the final decision in matters involving disposal orders under § 22-358 (c)." *Miller*

v. *Dept. of Agriculture*, 168 Conn. App. 255, 258 n.3, 145 A.3d 393, cert. denied, 323 Conn. 936, 151 A.3d 386 (2016).

[3] There are two separate verification pages.

[4] The plaintiff's verified motion to open and set aside nonsuit is dated December 7, 2015, but it was filed on December 9, 2015.

[5] The court also stated: "Because the plaintiff knew she was required to attend the pretrial, but chose not to do so, a nonsuit was entered." The court cited to the transcript of the hearing on March 24, 2016, where the court asked the plaintiff's counsel if the plaintiff knew that her presence was required at the pretrial conference and he responded: "My interpretation of notices and everything was that, yes." That acknowledgment thus appears to be predicated not on firsthand knowledge, but rather an inference counsel drew from the notice issued by the court.

[6] General Statutes § 52-212 provides in relevant part: "(a) Any judgment rendered . . . upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered . . . upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment . . . and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense.

"(b) The complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear. . . ."

Practice Book § 17-43 (a) contains nearly identical language, but differs in that it provides that a judgment may be set aside within four months "succeeding the date on which notice was sent . . . ."

[7] In addition, we question the trial court's reliance on Practice Book § 14-13 when it denied the plaintiff's motion to open. Section 14-13, which is titled "Pretrial Procedure" and applies generally to civil matters, provides that several issues shall be considered at a pretrial session, the first of which is the possibility of settlement. Practice Book § 14-7 (d), however, specifically provides that "[a]dministrative appeals are not subject to the pretrial rules, except as otherwise provided in Sections 14-7A and 14-7B." Practice Book § 14-7A (d), which applies to the present case and all administrative appeals brought pursuant to § 4-183 et seq., provides for a conference where the court and the parties will "establish which of the contents of the record are to be transmitted and . . . set up a scheduling order, including dates for the filing of the designated contents of the record, for the filing of appropriate pleadings and briefs, and for conducting appropriate conferences and hearings." Accordingly, a conference pursuant to § 14-7A (d) is intended to address administrative issues, and a client ordinarily would not be required to attend such a conference. Practice Book § 14-7B (c) also provides for a conference to address administrative issues, and § 14-7B (j) requires that certain administrative appeals may only be settled with the approval of the court. That, of course, is not true for the vast majority of cases that have pretrial conferences pursuant to § 14-13, where the parties are free to settle their claims without court approval. Neither § 14-7A nor § 14-7B require that the parties attend a § 14-13 pretrial session.

The structure of the Practice Book in this regard makes sense because a conference pursuant to § 14-7A (d) generally is better suited for administrative appeals than the pretrial conference called for by § 14-13. In fact, this case is a perfect illustration of why the procedure outlined in § 14-13 is ill-suited for many administrative appeals. Here, the trial court clearly viewed the primary purpose of the pretrial conference as trying to settle the case; yet it was extremely unlikely that the parties were going to negotiate a settlement of the commissioner's disposal order to euthanize the plaintiff's two dogs. Instead, a conference pursuant to § 14-7A (d), which would not have required the presence of the clients, would have made more sense. Having said this, we in no way mean to suggest that parties to an administrative appeal are free to ignore a court order to appear at a pretrial conference scheduled pursuant to § 14-13. Instead, we take this opportunity to suggest that trial judges consider whether the circumstances of a particular administrative appeal justify the scheduling of a § 14-13 pretrial conference, and whether a party should be sanctioned for his or her inability to attend or honest error in not attending such a conference. See, e.g., *Faile* v. *Stratford*, 177 Conn. App. 183, 211, 172 A.3d 206 (2017) ("[a] dismissal or a nonsuit as a sanction for the failure of [the plaintiff] to attend [a pretrial conference] when he was ill and in the hospital does not serve justice or in any way

vindicate the legitimate interests of the other party and the court" [internal quotation marks omitted]).

_____