******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# PATRICIA A. MCDONNELL *v.* NORMAN A. ROBERTS II ET AL.
## (AC 45261)

Bright, C. J., and Cradle and Schuman, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendants for, inter alia, their alleged legal malpractice in connection with their representation of the plaintiff during her prior marital dissolution proceedings. The plaintiff, who initially was self-represented, commenced the action in June, 2020. In September, 2020, the defendants served a set of interrogatories and requests for production on the plaintiff and also filed a request to revise the complaint. In October, 2020, the defendants filed a motion for a judgment of nonsuit based on the plaintiff's failure to respond to their request to revise. In November, 2020, the defendants filed another motion for a judgment of nonsuit on the ground that the plaintiff had failed to respond to their interrogatories and requests for production. In December, 2020, an attorney, M, filed an appearance on behalf of the plaintiff and requested a thirty day continuance to respond to the defendants' requests to revise and for discovery. The trial court granted the request. In February, 2021, the defendants again moved for a judgment of nonsuit in light of the plaintiff's failure to file a revised complaint and to respond to their discovery requests. The plaintiff did not file an objection to that motion. In March, 2021, the trial court issued an order in connection with the February, 2021 motion for a judgment of nonsuit, indicating that the plaintiff had thirty days to file a revised complaint and responses to the defendants' discovery requests or the defendants could file another motion for a judgment of nonsuit that would be granted by the trial court. In April, 2021, the plaintiff filed a revised complaint but did not file a notice of compliance with discovery. In May, 2021, the defendants filed another motion for a judgment of nonsuit, as the plaintiff had failed to respond to discovery pursuant to the trial court's March, 2021 order. The plaintiff filed a notice of compliance with discovery in June, 2021, which the defendants asserted was deficient. The following month, the defendants again filed a motion for a judgment of nonsuit on the ground that the plaintiff had failed to fully respond to discovery pursuant to the trial court's March, 2021 order. The plaintiff did not file an objection to the motion, which the trial court granted, and the court rendered a judgment of nonsuit against the plaintiff. In September, 2021, the plaintiff filed a motion to open and set aside the judgment of nonsuit, claiming that there was a bona fide reason for her failure to respond to the defendants' discovery requests. After the defendants filed an objection, arguing that the plaintiff could not establish that a good cause of action existed at the time the nonsuit was rendered or that she was prevented from prosecuting the action due to mistake, accident or other reasonable cause as required by the applicable statute (§ 52-212), M filed an affidavit in support of the plaintiff's motion to open the judgment of nonsuit, in which he asserted that the plaintiff did have good cause under multiple counts and that he had had various medical and veterinary appointments. The trial court denied the plaintiff's motion to open, and the plaintiff appealed to this court. *Held* that the trial court did not abuse its discretion in denying the plaintiff's motion to open and set aside the judgment of nonsuit: the trial court did not err in concluding that the plaintiff failed to establish reasonable cause for her noncompliance with discovery under the second prong of the test set forth in § 52-212 because, contrary to the plaintiff's assertion, the trial court did not find that her reasons for failing to prosecute were insufficient to constitute reasonable cause but, rather, concluded that she had not adequately substantiated her proffered reasons, as the affidavit she submitted in connection with her motion offered only general references to M's various medical and other issues, without any specific dates, circumstances or other substantiation as to what prevented him from fully complying with the trial court's March, 2021 order; moreover, although the plaintiff claimed that the

trial court improperly applied the law because the rule of practice (§ 17-43) requires an affidavit to set forth particularized circumstances only if a plaintiff is nonsuited for failure to appear, not for failure to comply with discovery, she did not provide any legal authority for that proposition, and a specific explanation was required to sustain her burden of demonstrating reasonable cause for noncompliance.

Argued December 5, 2023—officially released March 26, 2024

*Procedural History*

Action to recover damages for, inter alia, the defendants' alleged legal malpractice, and for other relief, brought to the Superior Court in the judicial district of Windham, where the court, *Lynch, J.*, granted the defendants' motion for a judgment of nonsuit and rendered judgment thereon; thereafter, the court, *J. Fischer, J.*, denied the plaintiff's motion to open and set aside the judgment of nonsuit, and the plaintiff appealed to this court. *Affirmed.*

*Brian S. Mead*, with whom was *Curran R. Mead*, for the appellant (plaintiff).

*Karen L. Allison*, with whom, on the brief, was *Ryan V. Nobile*, for the appellees (defendants).

*Opinion*

CRADLE, J. In this action, the plaintiff, Patricia A. McDonnell, appeals from the trial court's denial of her motion to open and set aside the judgment of nonsuit rendered in favor of the defendants, Norman A. Roberts II, the Law Offices of Norman A. Roberts, LLC, and GraberRoberts, LLC. The plaintiff claims that the court abused its discretion in denying her motion to open and set aside the judgment of nonsuit on the grounds that the court erred in finding that she failed to show that a good cause of action existed at the time of the judgment of nonsuit and that she was prevented by mistake, accident or other reasonable cause from prosecuting the action. We affirm the judgment of the court.

The following undisputed factual and procedural history is relevant to our review of the plaintiff's claims on appeal. On June 1, 2020, the plaintiff, who was then self-represented, commenced this action against the defendants, alleging legal malpractice, reckless misrepresentation, intentional infliction of emotional distress, negligent infliction of emotional distress, and violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., stemming from the defendants' representation of her in her prior marital dissolution action. On September 8, 2020, the defendants served on the plaintiff a set of interrogatories and requests for production. On September 15, 2020, the defendants filed a request to revise, to which the plaintiff did not respond. On October 19, 2020, the defendants filed a motion for nonsuit based on the plaintiff's failure to respond to their request to revise. On November 12, 2020, the defendants filed another motion for nonsuit on the ground that the plaintiff failed to respond to the defendants' September 8, 2020 interrogatories and requests for production. The defendants' motions were scheduled for a hearing on December 23, 2020. On December 21, 2020, Attorney Brian Mead filed an appearance on behalf of the plaintiff, and, on December 22, 2020, the plaintiff, through Mead, requested a thirty day continuance, until January 23, 2021, to respond to the defendants' request to revise and outstanding discovery requests. The court, *Auger, J.*, granted the plaintiff's request.

On February 23, 2021, the defendants again moved for a judgment of nonsuit against the plaintiff for "her failure to file a revised complaint within the time permitted by Practice Book § 10-37 and for her failure to respond to discovery within the requirements of Practice Book § 13-6 et seq." The plaintiff did not file an objection. On March 12, 2021, the defendants filed a proposed scheduling order, noting that the defendants' counsel could not reach the plaintiff's counsel. On March 25, 2021, the court, *Lynch, J.*, issued an order in response to the February 23, 2021 motion for nonsuit, providing that, "[w]ithin thirty days after the issuance

of this order, the plaintiff shall file a revised complaint and responses to the defendants' interrogatories and requests for production. If the defendants do not receive compliance by that date, they may file a motion for a judgment of nonsuit referring to this order. Absent the filing of a revised complaint and proof of compliance with outstanding discovery on file before the motion appears on this short calendar, the motion may be granted by the court and judgment may enter."

On April 23, 2021, the plaintiff filed a revised complaint but did not file a notice of compliance with discovery. On May 24, 2021, the defendants filed another motion for a judgment of nonsuit for failure to respond to discovery pursuant to the court's March 25, 2021 order. The defendants attached exhibits and an affidavit in support of the motion. On June 1, 2021, the plaintiff filed a notice of compliance with discovery, which the defendants asserted was deficient.

On July 9, 2021, the defendants filed a motion to strike counts two, three, and four of the revised complaint.[1] The plaintiff did not respond.

On July 22, 2021, the defendants filed yet another motion for a judgment of nonsuit for failure to fully respond to discovery pursuant to the court's March 25, 2021 order. The motion alleged that the responses to the outstanding discovery request, due on April 24, 2021, and sent by the plaintiff on May 25, 2021, were substantially deficient. The plaintiff did not file an objection to the defendants' motion. On August 23, 2021, the court, *Lynch, J.*, granted the defendants' July 22, 2021 motion and rendered a judgment of nonsuit against the plaintiff.

On September 13, 2021, the plaintiff filed a motion to open and set aside the judgment of nonsuit, which is the subject of this appeal, asserting that there was a bona fide reason for her failure to respond to the defendants' discovery requests.[2] On September 22, 2021, the defendants filed an objection to the plaintiff's motion to open the judgment of nonsuit, arguing that the plaintiff could not establish that a good cause of action existed at the time the nonsuit was rendered or that she was prevented from prosecuting the action due to mistake, accident or other reasonable cause as required by General Statutes § 52-212. The defendants argued, inter alia, that the plaintiff could not establish a good cause of action because her claims against the defendants were filed beyond the applicable three year statute of limitations. The defendants also noted that the plaintiff continues to be in noncompliance with the court's March 25, 2021 discovery order. The following day, the plaintiff's counsel filed an affidavit in support of the motion to open the judgment of nonsuit. The affidavit substantially mirrored the plaintiff's motion to open the judgment of nonsuit and concluded by stating, "[i]t is counsel's contention that the plaintiff has good cause under multiple counts."

On January 10, 2022, the court, *J. Fischer, J.*, held a hearing on the plaintiff's motion to open the judgment of nonsuit. At the hearing, Mead reiterated the reasons stated in the plaintiff's motion to open for her noncompliance with the court's March 25, 2021 order and asserted that the plaintiff "has a viable case and viable claims . . . ." In response to the defendants' contention that the plaintiff's claims were filed beyond the statute of limitations, Mead disagreed, asserting for the first time that Governor Ned Lamont's Executive Order No. 7G, which was issued on March 19, 2020, extended all statutes of limitations.[3] The court, ruling from the bench, denied the plaintiff's motion to open. The court first noted that the motion to open filed by the plaintiff did not contain an assertion that there was a good cause of action. The court concluded that, "under the totality of the circumstances, there's no good cause here for this. . . . I haven't had one affidavit, one bill, one thing that supports what you've said, Counsel. So, based on the totality of the circumstances, the fact that there's, you know, no argument about—no argument presented to the court until this moment about the good cause of action—and there have been four earlier motions for nonsuit—the court finds that, under the totality of the circumstances, the motion should be denied." This appeal followed.

On March 24, 2022, the plaintiff filed a motion for articulation asking the trial court to articulate the legal and factual basis "of there was no good cause found" and "of the totality of the circumstances which supports the court's decision." The motion was sent in error to Judge Lynch, who issued an articulation on April 14, 2022, that related to her August 23, 2021 order rendering the judgment of nonsuit. The plaintiff subsequently filed a motion for review with this court, asking that the "articulation rendered by Judge Lynch be vacated and removed from both the Appellate and Superior Court records." This court granted review and ordered Judge Fischer to articulate the basis of his decision denying the plaintiff's motion to open[4] but denied the plaintiff's request to vacate the April 14, 2022 articulation issued by Judge Lynch.

On June 16, 2022, the court, *J. Fischer, J.*, issued a written articulation of its decision denying the motion to open. The articulation explained that the court found that "the plaintiff's motion to open the judgment did not set forth any showing that [she] had a good cause of action, which was mentioned only later in the plaintiff's affidavit[5]—*which came after* the defendant[s] raised that issue in [their] objection. It consists only of a bald statement that the plaintiff 'has good cause under multiple counts.' This, considering the pending and unopposed motion to strike, leaves doubt about the existence of said cause of action." (Emphasis in original; footnote added.) The articulation further explained that

the "court found no reasonable cause for the plaintiff's noncompliance with discovery because the affidavit sets forth no particularized circumstance as to why there had not been compliance with the court's order. Aside from the period immediately before the court's ruling, the affidavit offers only general references to various medical and other issues of the plaintiff's counsel without any specific dates, circumstances, or any other substantiation as to what kept him from fully complying with the order since March 25, 2021. As such, it lacks any 'particularities' as required by Practice Book § 17-43 and this court found it to be entirely unpersuasive, especially in the context of the history of noncompliance with the court's explicit order."

The plaintiff appeals from the denial of the motion to open the judgment of nonsuit. "In ruling on a motion to open a judgment of nonsuit, the trial court must exercise sound judicial discretion, which will not be disturbed on appeal unless there was an abuse of discretion. . . . In reviewing the trial court's exercise of its discretion, we make every presumption in favor of its action. . . . [When a] plaintiff [does] not appeal from the [underlying] judgment of nonsuit . . . [he or] she is . . . limited to challenging the court's exercise of discretion in denying the motion to open." (Citation omitted; internal quotation marks omitted.) *Francis* v. *CIT Bank, N.A.*, 219 Conn. App. 139, 146–47, 293 A.3d 984 (2023).

"The power of a court to set aside a judgment of nonsuit is conferred by . . . § 52-212, which provides in relevant part: '(a) Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which the notice of judgment or decree was sent, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense. . . .' " Id., 146. Practice Book § 17-43 substantially mirrors the language of § 52-212 (a).[6] In essence, " '[t]here is a two-pronged test for setting aside a judgment rendered after a nonsuit. . . . There must be a showing (1) that a good cause of action, the nature of which must be set forth, existed at the time judgment was rendered, and (2) that the plaintiff was prevented from prosecuting the action because of mistake, accident or other reasonable cause.' . . . 'Since the conjunctive "and" meaning "in addition to" is employed between the parts of the two prong test, both [prongs] must be met.' " (Citations omitted.) *Estela* v. *Bristol Hospital, Inc.*, 165 Conn. App. 100, 108, 138 A.3d 1042,

cert. denied, 323 Conn. 904, 150 A.3d 681 (2016). With these principles in mind, we turn to the plaintiff's arguments in support of her claim that Judge Fischer abused his discretion in denying her motion to open the judgment of nonsuit.[7]

On appeal, the plaintiff makes several arguments challenging the court's finding, under the second prong of the test of § 52-212 and Practice Book § 17-43, that there was no reasonable cause for her noncompliance with discovery. First, the plaintiff argues that the existence of "circumstances beyond her control" constitutes reasonable cause for her failure to comply with discovery. This argument is unavailing. The court never made a finding that the plaintiff's reasons for failing to prosecute were insufficient to constitute reasonable cause. Instead, it concluded that the plaintiff had not adequately substantiated her proffered reasons, finding that "the affidavit offers only general references to various medical and other issues . . . without any specific dates, circumstances, or any other substantiation . . . . As such, it lacks any 'particularities' as required by Practice Book § 17-43 . . . ." The court's conclusion is consistent with prior decisions of this court. See, e.g., *Farren* v. *Farren*, 162 Conn. App. 51, 63, 131 A.3d 253 (2015) ("[w]e will not require the court to accept an unauthenticated document that . . . may be based entirely on self-reported statements by the party moving to open the default judgment"), cert. denied, 320 Conn. 933, 134 A.3d 622, and cert. denied, 320 Conn. 933, 134 A.3d 623, cert. denied, 580 U.S. 917, 137 S. Ct. 296, 196 L. Ed. 2d 215 (2016); *Searles* v. *Schulman*, 58 Conn. App. 373, 377, 753 A.2d 420 ("[a]lthough the plaintiff in her motion to open . . . stated that she was unable to attend the scheduled . . . conference because of out of state medical 'appointments,' there is nothing in the record verifying the appointments or indicating why these appointments could not be rescheduled"), cert. denied, 254 Conn. 930, 761 A.2d 755 (2000). Because the plaintiff failed to provide sufficient substantiation that her proffered reasons were connected to her repeated failures to meet the court set deadlines, her argument is unavailing.

The plaintiff also challenges the court's finding that she did not adequately substantiate her reasons for noncompliance with discovery as an improper application of the law. In Judge Fischer's articulation, he explained that the "court found no reasonable cause for the plaintiff's noncompliance with discovery because the affidavit sets forth no particularized circumstance as to why there had not been compliance with the court's order." The plaintiff contends that the court's use of the phrase "particularized circumstance" reflects a misapplication of the law because Practice Book § 17-43 requires an affidavit to set forth particularized circumstances only if the plaintiff *failed to appear*.[8] The plaintiff contends that, because she was nonsuited for

her failure to comply with discovery—not for failure to appear—she was not required to set forth with particularity her reasons for failing to comply with discovery. The plaintiff has cited no legal authority, nor are we aware of any, that stands for the proposition that a court may not, in ruling on a motion to set aside a judgment of nonsuit for failure to comply with discovery, require a specific explanation as to the reason for the delinquent party's noncompliance. Such an explanation is essential to sustaining one's burden of demonstrating reasonable cause for noncompliance. Accordingly, the plaintiff's argument fails. See *Baris* v. *Southbend, Inc.*, 68 Conn. App. 546, 554, 791 A.2d 713 (2002) (affirming trial court's denial of plaintiff's motion to open judgment of nonsuit rendered due to plaintiff's failure to answer discovery request because he had "ignored his obligation to present his reason for the delay with any degree of particularity").

In light of the court's finding that the plaintiff did not meet her burden of showing reasonable cause and the plaintiff's unconvincing arguments to the contrary, the court did not err in concluding that the plaintiff failed to establish reasonable cause for her noncompliance with discovery under the second prong of the test of § 52-212 (a) and Practice Book § 17-43. Because the failure of the plaintiff to meet either prong is fatal to her motion to open; *Karanda* v. *Bradford*, 210 Conn. App. 703, 714, 270 A.3d 743 (2022); we need not address the plaintiff's arguments as to the first prong. For the foregoing reasons, we conclude that the court did not abuse its discretion in denying the plaintiff's motion to open and set aside the judgment of nonsuit.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Counts two, three, and four of the revised complaint alleged reckless misrepresentation, intentional infliction of emotional distress, and negligent infliction of emotional distress, respectively.

[2] The motion states in relevant part: "[T]here exists a bona fide reason the plaintiff's counsel was unable to respond to the defendants' requests. . . .

"In support of the plaintiff's request [to set aside the judgment of nonsuit], counsel offers the following information. Over the past two months, the undersigned counsel [has] had numerous medical and dental appointments which have prohibited counsel from responding to the defendants' motion for nonsuit. The appointments have resulted in oral surgery, colonoscopy, and removal of several precancerous lesions and [counsel] is scheduled for an orthopedic appointment on . . . [September] 17, 2021, to address a torn tendon in counsel's left (dominant) hand. In addition to the medical problems, two weeks prior to the motion, counsel discovered that his family's nine and one-half year old German Shepherd had developed degenerative myelopathy and anaplasmosis. The [animal] required several trips to the veterinary and continues to require treatment. Due to [the dog's] size, counsel's wife needs counsel's assistance to transport the animal to the veterinary hospital. In addition . . . the hurricane took out the power . . . for three days immediately prior to the motion being heard . . . .

"The defendant[s] would not be prejudiced by reopening the dismissal due to the fact the [defendants have] recently filed a motion to strike and a second set of interrogatories.

"Wherefore the undersigned counsel respectfully requests that the court set aside the nonsuit and provide counsel with forty-five days to answer or object to said interrogatories and request for production and respond to the defendants' motion to strike."

[3] Although, at the hearing, Mead referenced "Executive Order No. 8,"

the plaintiff's appellate brief clarifies that the correct executive order is Executive Order No. 7G.

[4] Specifically, this court ordered Judge Fischer "to articulate the factual and legal basis of [his] January 20, 2022 decision denying the plaintiff's motion to open and set aside the judgment of nonsuit, with particular reference to: (1) whether the court considered the affidavit filed by the plaintiff's counsel on September 23, 2021, in reaching its decision; and (2) whether the court reached the second prong of the test to open nonsuit judgments, i.e., that the plaintiff's noncompliance with discovery was due to a reasonable cause."

[5] The court clarified in its articulation that it "review[ed] the plaintiff['s] counsel's affidavit and it was considered in this court's decision."

[6] Practice Book § 17-43 provides in relevant part: "(a) Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. Such written motion shall be verified by the oath of the complainant or the complainant's attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or the defendant failed to appear. The judicial authority shall order reasonable notice of the pendency of such written motion to be given to the adverse party, and may enjoin that party against enforcing such judgment or decree until the decision upon such written motion. . . ."

[7] The plaintiff, in her appellate brief, also claims (1) that her failure to file timely objections and responses to the defendants' first two motions for nonsuit is moot because Governor Lamont's Executive Order No. 7G suspended statutes of limitations with regard to malpractice actions and court filing deadlines at that time; (2) that this court erred in sending the plaintiff's motion for articulation to Judge Lynch instead of Judge Fischer; and (3) that the court, *Lynch, J.*, abused its discretion in granting the defendants' motion for nonsuit. These claims merit little discussion.

First, as to the effect of Executive Order No. 7G in the present case, the plaintiff argues that her reasons for failing to timely respond to the defendants' first two motions for nonsuit are moot because the governor's Executive Order No. 7G excused her from responding during that period. Even if the plaintiff's failure to respond to the first two motions for nonsuit was excused under Executive Order No. 7G, which expired on March 1, 2021; see Executive Order No. 10A, § 5 (February 8, 2021); the plaintiff still needed to establish reasonable cause for failing to comply with the court's later March 25, 2021 order directing her to file responses to the defendants' interrogatories and requests for production. In other words, whether Executive Order No. 7G excused the plaintiff's failure to respond to the defendants' first two motions for nonsuit has no bearing on the court's denial of her motion to open because the plaintiff does not argue that Executive Order No. 7G excused her failure to comply with the court's March 25, 2021 order.

As to the plaintiff's second claim, that this court erred in sending the plaintiff's motion for articulation to Judge Lynch instead of Judge Fischer, she specifically argues that this court's "decision not to strike Judge Lynch's articulation from the trial court record is in essence [improperly] adding to the record" and "effectively changes [Judge Fischer's] reasoning in the decision." The plaintiff's argument is belied by a review of Judge Lynch's articulation, which simply sets forth the plaintiff's history of noncompliance with the defendants' discovery requests, a history that is readily gleaned from a review of the trial court file. The plaintiff's argument is further belied by Judge Fischer's articulation, which expressly addresses the articulation request filed by the plaintiff as to Judge Fischer's order denying the motion to open, and the plaintiff's failure to satisfy her burden under § 52-212. Because it is clear from the record that Judge Lynch's articulation had no impact on Judge Fischer's articulation, the plaintiff's contention that this court's failure to strike it from the record constituted an improper addition of information is unavailing.

Finally, we note that the plaintiff's attorney expressly abandoned the plaintiff's third claim, that Judge Lynch abused her discretion in granting the defendants' motion for nonsuit, at oral argument before this court.

Specifically, the plaintiff's counsel stated that the plaintiff did not raise a claim on appeal challenging Judge Lynch's ruling. He clarified that the plaintiff "raised . . . strictly the motion to open before Judge Fischer." We therefore decline to consider the plaintiff's briefed arguments in support of this abandoned claim, including her argument that the May 24, 2021 motion for nonsuit was never heard and was thus effectively denied. We also decline to review the plaintiff's contention that this matter should have been resolved by "a discovery dispute hearing" instead of by a judgment of nonsuit. Although she raises this argument in support of her claim that Judge Fischer abused his discretion in denying her motion to open, it instead supports a challenge to the judgment of nonsuit. See *Francis* v. *CIT Bank, N.A.*, supra, 219 Conn. App. 146–47 ("[i]n the present case, the plaintiff did not appeal from the judgment of nonsuit, and, thus, she is presently limited to challenging the court's exercise of discretion in denying the motion to open").

[8] General Statutes § 52-212 (c) provides that "[t]he complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear." Practice Book § 17-43 (a) mirrors this language.